ERIN MIKI ANZAI
California Bar No. 217082

anzaimiki@yahoo.com
3849 Nikolo Street
Honolulu, HI 96815
Telephone: (310) 666-2453

*Attorney for Plaintiff Kelley Heyer*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY HEYER, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBLOX CORPORATION, a Delaware corporation, doing business as Roblox,<br><br>          Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>**FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)**<br><br>**Demand For Jury Trial** |

   Plaintiff KELLEY HEYER by and through her undersigned counsel, brings this Complaint against Defendant ROBLOX CORPORATION for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

   1.   Plaintiff KELLEY HEYER ("Heyer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Heyer's original, registered copyrighted work of authorship.

   2.   Heyer created and choreographed the viral Apple Dance, as first performed on TikTok on June 15, 2024 (the "Work").

   3.   Defendant ROBLOX CORPORATION ("Roblox") is a video game developer based in San Mateo, California.  Roblox is the developer of the video game of the same name, which was released in 2006.  At all times relevant herein, Roblox owned and operated the Roblox video game located at the URL www.roblox.com (the "Website") or on the Roblox app for various

1   devices, (the "App" and collectively with the Website, the "Roblox Platform.")

2   4. Heyer alleges that Roblox copied Heyer's copyrighted Work from the internet to advertise, market, and promote its business activities, specifically by selling the Work in the form of an "emote," which is a program enabling a user's avatar to perform certain actions, such as the Apple Dance, on the Roblox Platform. Roblox sold the Work as the "CharliXCX – Apple Dance" on its platform from August 17, 2024 to November 2024, while engaged in active negotiation with Heyer over the key terms of a licensing arrangement.

## JURISDICTION AND VENUE

5. This is an action for, among other things, copyright infringement under the federal Copyright Act. *See* 17 U.S.C. § 501 *et seq*.

6. This Court has subject matter jurisdiction over this dispute through its original jurisdiction because this action involves questions and claims arising under federal copyright law. *See* 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is incorporated in Delaware and its headquarters are in California. It is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) and 1400(a) because the negotiations at the heart of this dispute occurred between Defendant and Plaintiff's attorneys and business managers in this district, Defendant engaged in infringement in this district and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Roblox Corporation is a Delaware corporation, with its principal place of business at 2850 South Delaware Street, San Mateo, California, 94403 and can be served by serving its Registered Agent, Incorporating Services, Ltd., at 3500 South Dupont Highway, Dover, Delaware, 19901. Roblox Corporation is, and was at all relevant times, a Delaware corporation, with its headquarters in California.

## PLAINTIFF

10. Kelley Heyer is an individual artist and creator.

**FACTS**

I. **ROBLOX IS A SOCIAL MEDIA PLATFORM PRIMARILY SERVING MINORS**

11.  Roblox creates content, tools, and products to help young (minor) users connect, learn, and play online through its traditional websites, mobile devices, and apps. Roblox also works with leading brands and businesses to provide them with tools and opportunities to reach fans and customers.

II. **KELLEY HEYER IS AN ARTIST AND CONTENT CREATOR**

12.  On June 15 2024, Kelley Heyer performed her original creation, the "Apple Dance" ("**Apple Dance**"), in a Tik Tok post. The Apple Dance went viral and spurred ticket and album sales for CharliXCX, the musical artist to whose song Ms. Heyer performed her Apple Dance in her Tik Tok post. Ms. Heyer submitted her copyright registration application in the Apple Dance with the United States Copyright Office on August 30, 2024. Ms. Heyer's application with the United States Copyright Office is attached to this complaint as **Exhibit 1**. The Case Number is 1-14205562001.

13.  The Apple Dance is an original work of authorship in which Ms. Heyer owns the copyright.

14.  This work of authorship is the result of Ms. Heyer's ingenuity, creativity and artistry; it is literally her brainchild.

III. **ROBLOX HAS VIOLATED MS. HEYER'S COPYRIGHT BY SUBSTANTIAL COMMERCIAL EXPLOITATION OF AN UNLICENSED APPLE DANCE EMOTE**

15.  On information and belief, Roblox was contracted by WMG/Atlantic, CharliXCX's label, to feature CharliXCX in its Dress to Impress game on the Roblox platform, which feature was quite popular.

16.  Roblox then contacted Ms. Heyer to license her viral Apple Dance as an emote on the Roblox platform. Negotiations proceeded and on August 12, 2024, Ms. Heyer indicated she was willing to permit the use of the Apple Dance as a Roblox emote in conjunction with a

3

CharliXCX promotion on the condition that the parties reach an executed agreement on the license terms. While negotiations on the license agreement were ongoing, Roblox released the Apple Dance emote for sale. However, no license agreement was ever finalized and therefore Ms. Heyer has not consented to Roblox's use of the Apple Dance.

17. On information and belief, Roblox sold in excess of 60,000 units of the Apple Dance emote, for an estimated $123,000 in sales from Ms. Heyer's copyrighted work. As the Apple Dance emote comprises solely of the Apple Dance choreography, COMPLETELY SEPARATE AND DISTINCT FROM THE CharliXCX SONG, the sole "Artist" for purposes of the emote is Ms. Heyer. Roblox has refused to finalize a license agreement for use of the Apple Dance and to compensate Ms. Heyer for her intellectual property.

18. On or around November 2024, negotiations between Ms. Heyer and Roblox for licensing of the Apple Dance emote ground to a halt. The parties are at an impasse and Ms. Heyer has been forced to file suit.

19. Roblox proudly advertises that its platform allows creators to "create, scale and monetize." Yet, it has prevented Ms. Heyer from the crucial monetization of her work on the Roblox platform.

20. On information and belief, Roblox has substantially benefitted and profited from its unlawful infringement of Ms. Heyer's copyright and other uninvited misappropriations of Ms. Heyer's intellectual property and proprietary rights in the Apple Dance.

21. Roblox has engaged in these acts without license, authorization or permission from Ms. Heyer (since the conditions for permission – a signed license agreement – were not met). Notably, other similar entertainment platforms, such as Fortnite and Netflix, HAVE licensed (following extensive negotiation and full execution) the Apple Dance for emote or skin release, PRIOR to commercial exploitation of such.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement -- 17 U.S.C. §§ 501 *et seq.*)**

22. Ms. Heyer repeats, re-alleges, and incorporates by reference as though fully set forth herein, the foregoing allegations.

23. Ms. Heyer is the owner of exclusive rights in original works of authorship protected under the Copyright Act of 1976.

24. Ms. Heyer has submitted for registration her copyright in the Apple Dance (Case No. 1-14205562001)**.**

25. Roblox has committed copyright infringement under 17 U.S.C. §§501 et seq., by violating Ms. Heyer's exclusive rights in and to her copyrighted work through Roblox's above-described conduct. *See* 17 U.S.C. §§ 106 *et seq*.

26. On information and belief, Roblox's above-described conduct has been knowing and willful.

27. Roblox has realized, and/or will realize, unjust profits, gain, and other commercial advantages or financial gain as a proximate result of its infringement, as detailed above.

28. As a direct and proximate result of Roblox's direct and indirect willful copyright infringement, Ms. Heyer has suffered, and/or will suffer, monetary loss and irreparable injury to her business, reputation, and goodwill.

29. Ms. Heyer is entitled to recover, in amounts to be determined at trial, the damages it has sustained and will sustain from Roblox's above-described conduct. Ms. Heyer is also entitled to any gains, profits, and advantages obtained by Roblox as a result of its acts of infringement and other conduct, including statutory damages and inclusive of goodwill and other intangible benefits aside from pure profits off the Apple Dance emote. Ms. Heyer is also entitled to preliminary and permanent injunctive relief to prevent Roblox from continued infringement of Ms. Heyer's rights in its copyrighted work.

**SECOND CLAIM FOR RELIEF**

**(Unjust Enrichment)**

30. Ms. Heyer repeats, re-alleges, and incorporates by reference as though fully set forth herein, the foregoing allegations.

31. Ms. Heyer repeats, re-alleges, and incorporates by reference as though fully set forth herein, the foregoing allegations.

32. Ms. Heyer conferred benefits on Roblox, including by developing the Apple Dance

that Roblox infringed, misappropriated, and marketed for itself.

33. Roblox unjustly benefitted by copying and exploiting for substantial commercial gain Ms. Heyer's work and incorporating it into the Apple Dance emote it sold.

34. Roblox is now reaping a profit from using the Apple Dance and representing to the public that its unauthorized exploitation of the Apple Dance in its Apple Dance emote is legal and legitimate. As a so-called champion of individual creators, this hypocrisy has not gone unnoticed by users. Ms. Heyer fields notices from fans and followers daily pointing out instances of unauthorized exploitation of the Apple Dance.

35. It is inequitable for Roblox to have benefited and to retain that benefit without compensation to Ms. Heyer.

36. Ms. Heyer has been forced to retain counsel to prosecute this action and is therefore entitled to an award of reasonable attorneys' fees and costs, as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Heyer prays for relief from this Honorable Court as follows:

37. For an order adjudging Roblox to have: (1) infringed Ms. Heyer's copyright in the Apple Dance as alleged herein; and (2) been otherwise unjustly enriched.

38. For an order adjudging that the above acts were willful and intentional making this an exceptional case;

39. For Roblox's profits wrongfully earned as a result of its infringement on Ms. Heyer's federally protected copyright;

40. For Ms. Heyer's own damages or lost profits caused by Roblox's damage to its brand via infringement on Ms. Heyer's copyright rights;

41. For statutory damages pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504.

42. For all profits Roblox earned as unjust enrichment;

43. For monetary damages suffered by Ms. Heyer as a result of Roblox's misconduct described herein, in an amount to be determined at trial;

44. For preliminary and permanent injunctive relief;

45. For attorneys' fees and costs of this suit; and

46. For any additional relief this Court may deem just and proper.

DATED this ___ day of _____, 2025.

                                 ERIN MIKI ANZAI, Attorney-at-Law

                                 By: /s/ *Erin Miki Anzai*_____
                                 ERIN MIKI ANZAI
                                 anzaimiki@yahoo.com
                                 California Bar No. 271082
                                 Telephone: 310.666.2453
                                 *Attorney for Ms. Kelley Heyer*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I was engaged by Ms. Erin Miki Anzai, and that on the ____ day of April, 2025, I served a true and correct copy of the foregoing **COMPLAINT**, via electronic service through the Court's CM/ECF Filing System, to all parties and counsel as identified on the court-generated Notice of Electronic Filing.

/s/ _____